IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEROY J. STANSBERRY,<br><br>        Petitioner,<br><br>vs.<br><br>ARNALDO HERNANDEZ,<br>Superintendent, Anchorage Correctional Complex,[1]<br><br>        Respondent. | No. 3:21-cv-00182-JKS<br><br>ORDER OF DISMISSAL |

Leroy J. Stansberry, a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Docket No. 1 ("Petition"). Stansberry is in the custody of the Alaska Department of Corrections and incarcerated at the Anchorage Correctional Complex following a 2008 conviction after trial to four counts of sexual assault. *See* https://records.courts. alaska.gov/ (Case No. 3AN-06-00477CR). Stansberry contends that he is innocent of the crimes for which he was convicted, and he is the victim of "malicious gossip." Petition at 6.

---

[1] Arnaldo Hernandez, Superintendent, Anchorage Correctional Complex, is substituted for the State of Alaska, Court Judge OPA, and Mike Dunleavy. FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

-1-

Pursuant to the Rules Governing Section 2254 Cases, the Court must review the Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, "the judge must dismiss the petition." Rule 4, Rules Governing § 2254 Cases.

A. *Younger* Absention

Upon review of the state court records, the Court takes judicial notice[2] that, on July 27, 2017, Stansberry filed in the Alaska superior court a motion for post-conviction relief ("PCR") pursuant to Alaska Criminal Rule 35.1 in which he challenges the integrity of the 2008 conviction. *See* https://records.courts.alaska.gov/ (Case No. 3AN-17-07947CI). A review of the state court records further reflects that Stansberry PCR action is still pending upon remand from the Court of Appeals, which reversed the Superior Court's dismissal of the PCR application was untimely, and remanded to the Superior Court for an evidentiary hearing on the timeliness of the PCR application. *See* https://records.courts.alaska.gov/ (Case No. 3AN-17-07947CI); https://appellate-records.courts.alaska.gov/ (Case No. A-13291); *Stansberry v. State*, No. A-13291, 2021 WL 1292280, at *4 (Alaska Ct. App. Apr. 7, 2021). A review of the Superior Court record shows that the evidentiary hearing has not yet been conducted. *See* https://records.courts.alaska.gov/ (Case No. 3AN-17-07947CI).

As this Court previously explained to Stansberry when construing his "clemency release" petition as a petition for habeas relief under 27 U.S.C. § 2254, "it plainly appears that Mr. Stansberry is not entitled to seek habeas relief at this time in federal court as to the validity of his

---

[2] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

state court conviction." *See Stansberry, et al., v. Reentry District Judge Gleason, et al.*, No. 3:19-mc-00032-TMB, Docket No. 2 (D. Alaska Oct. 10, 2019).³ Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Although *Younger* itself held that, absent extraordinary circumstances, a federal court may not interfere with a pending state-criminal prosecution, the Supreme Court and the Ninth Circuit have extended *Younger* abstention to civil cases on numerous occasions. *See, e.g.*, *Bowen v. Clay*, No. SACV 09-0359, 2009 WL 1160931, at *1 (C.D. Cal. Apr. 24, 2009)("This principle of '*Younger* abstention' is also applicable to claims raised in federal habeas corpus proceedings.") (citing *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980)).

The Supreme Court has laid out a three-part test for determining when to apply *Younger* in a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To these three threshold requirements, the Ninth Circuit has articulated an implied fourth requirement that abstention is required if (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007). "Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other 'extraordinary circumstances' exist, such as proceedings

---

³ To the extent Stansberry attempts to use the instant § 2254 Petition to raise alleged civil rights violations with respect to the clemency petition and earlier filings in state and federal court, it appears that Stansberry has already filed an action as to those claims that is currently pending in this Court. *See Stansberry v. Enter Federal Court Law Agency's, et al.*, No. 3:21-cv-00146-RRB.

-3-

pursuant to a 'flagrantly' unconstitutional statute." *Bowen*, 2009 WL 1160931, at *1 (quoting *Younger*, 401 U.S. at 53-54).

A review of these factors in this case weigh in favor of applying the *Younger* doctrine in this case. Ensuring the validity of its convictions is an important state interest. *See Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir. 1997) (holding that a petitioner currently in federal custody seeking to challenge his future state custody may only do so in an action against the state "which has the greatest interest in preserving its judgment and the best ability to either correct or defend it"). Likewise, it is clear that the federal implications of each of the state-law issues Stansberry is attempting to assert in this proceeding may be raised in his pending state-court proceeding. Moreover, if this Court were to grant Stansberry the relief requested, it would effectively render any further action by the Alaska state courts a nullity.[4] Under the *Younger* doctrine, the Court may not enter such a judgment. Indeed, it lacks jurisdiction to do so. Accordingly, this Court must abstain and dismiss this action. *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action.") (citation omitted).

**B.     Exhaustion**

Moreover, this Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must

---

[4]     To the extent Stansberry attempts to use this Petition to force the Alaska Superior Court to more timely adjudicate his pending post-conviction motion, this Court is without jurisdiction to do so. "Where, as here, a petitioner seeks to adjudicate in federal court the merits of a speedy trial claim before the state-court proceeding concludes, *Younger* absent is proper 'unless the petitioner [can] show that 'special circumstances' warrant[] federal intervention.'" *Shehee v. Baca*, 588 F. App'x 716, 717 (9th Cir. 2014) (quoting *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)). No special circumstances warrant such departure here.

-4-

alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. To satisfy the "fairly present" requirement, the petitioner must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court.

Here, because Stansberry's PCR application is still pending in the Alaska Superior Court and thus cannot yet be presented to the Alaska Court of Appeals or Supreme Court, Stansberry has also failed to satisfy complete exhaustion. Because this Petition is dismissed without prejudice, Stansberry is permitted to bring a renewed petition for Writ of Habeas Corpus before this Court in the event the Alaska Supreme Court enters final judgment against him. If Stansberry chooses to bring a renewed petition, however, he must base his petition on grounds for relief that have already been evaluated all the way through the Alaska Supreme Court.

**C.      Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

-5-

28 U.S.C. § 2244(d)(1).

Under the statute, "[t]his one-year limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Mardesich v. Cate,* 668 F.3d 1164, 1169 (9th Cir. 2012). The Supreme Court explains that "[t]he time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original) (citation omitted); *id.* at 192 ("If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit."); *but see Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (the statute of limitations is not tolled, however, while an unexhausted petition under § 2254 is pending in federal court) (citing *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005)).

Thus, if Stansberry has been timely and properly challenging his conviction in the state courts, the statute of limitations is tolled during any state proceedings. The Court takes judicial notice that the state court record shows that the Alaska Court of Appeal affirmed Stansberry's conviction on May 4, 2012. *See* https://records.courts.alaska.gov/ (Case No. A-10398); *Stansberry v. State,* 275 P.3d 579, 597 (Alaska Ct. App. 2012). Because Stansberry did not file a petition for hearing in the Alaska Supreme Court, his conviction became final fifteen days later in late May 2012, when the time period for him doing so expired. *See Stansberry*, 2021 WL 1292280, at *1; *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003). Stansberry did not further litigate his claims until more than five years after his conviction became final when, in July 2017, he filed the now-pending PCR application. *In re: Stansberry v. State*, Case No. 3AN-17-07947CI (filed 7/17/2017). The July 2017 PCR application was filed more than four years after the deadline for Stansberry to file his federal habeas petition, and it did not serve to restart the statute of limitations. *Ferguson v. Palmateer*,

321 F.3d 820, 823 (9th Cir. 2003) (holding that the one-year habeas statute of limitations does not restart where that period ends before petitioner's state petition for post-conviction relief is filed). It therefore appears that Stansberry's Petition is facially untimely.

In the event that he wishes to file a new habeas petition in this Court based on claims completely exhausted before the Alaska state courts, Stansberry must show that such petition is timely. Stansberry argues that the facial untimeliness of his state PCR application should be excused because he suffered from a mental disease or defect that prevented him from timely filing that application. A petitioner may likewise demonstrate that equitable tolling is warranted with respect to a federal habeas petition where the petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 639 (2010) (citation omitted). Alternatively, the Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2012) (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (1995)).

**IT IS THEREFORE ORDERED THAT:**

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED without prejudice**. Mr. Stansberry may file a new habeas petition in this Court after all federal claims that he seeks to raise have been exhausted in the state courts through complete exhaustion in the Alaska Supreme Court. If Mr. Stansberry chooses to file a new habeas petition at that time, he must show that the petition is timely under 28 U.S.C. § 2244(d)(1) or that the actual innocence exception or equitable tolling applies.

2. All pending motions are **DENIED as moot**.

3. The Clerk of Court shall enter judgment in this case accordingly.

4. The Clerk of Court is directed to mail a copy of this order to Mr. Stansberry,

along with a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court."

5. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: September 3, 2021.

                                       /s/ James K. Singleton, Jr.
                                       JAMES K. SINGLETON, JR.
                                       Senior United States District Judge